UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| NICHOLAS STALLARD, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 0: 14-72-HRW |
| | ) |
| V. | ) |
| | ) |
| M. SEPANEK, WARDEN, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Nicholas Stallard is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Stallard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Stallard's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

On June 20, 2007, a grand jury sitting in the Western District of Virginia returned a four count indictment charging Stallard and a co-conspirator with various federal offenses arising out of a bank robbery. On August 16, 2007, Stallard agreed to plead guilty to bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and conspiracy to commit bank robbery and to possess, conceal, or dispose of stolen bank funds in violation of 18 U.S.C. §§ 371, 2113(c).

At his January 4, 2008, sentencing hearing, Stallard argued that the trial court should apply the 2006 version of the U.S. Sentencing Guidelines Manual because it was the version in effect on the date he committed his offense conduct. Stallard further argued that, under the 2006 Manual, one state conviction for trafficking in drugs in June 1998, a second state conviction for trafficking in drugs in January 1999, and a third federal conviction for possessing a firearm in furtherance of his January 1999 drug trafficking, should all be counted as one, single offense under the 2006 Manual.

The trial court rejected both requests, noting that under U.S.S.G. § 1B1.11 it was required to apply the guidelines in effect at the time of sentencing. It further concluded that, even under the 2006 guidelines, Stallard's drug trafficking convictions could not be considered as one because they were for conduct occurring at "widely separate dates" and "in different localities." Instead, the trial court applied the career offender enhancement found in U.S. Sentencing Guidelines Manual § 4B1.1 (2007), and on January 4, 2008, sentenced Stallard to a cumulative 151-month term of incarceration, well below the 20-year statutory maximum for his offenses. *United States v. Stallard*, No. 1:07-cr-41-JPJ-1 (W.D. Va. 2007).

On direct appeal, Stallard reiterated his assertion that his drug convictions should be considered as one, and asserted for the first time that application of the 2007 guidelines violated the *Ex Post Facto* Clause. The Fourth Circuit rejected both arguments, holding that the offenses would be considered separate under both the 2006 guidelines and the 2007 guidelines, resulting

2

in a career offender enhancement under either, thus eliminating any *ex post facto* concerns. *United States v. Stallard*, 317 F. App'x 383 (4th Cir. 2009).

Amongst other claims, Stallard re-cast his *ex post facto* and separate offense claims as one of ineffective assistance of counsel in the motion to vacate his sentence pursuant to 28 U.S.C. § 2255 he filed on October 26, 2009. The trial court denied relief on November 12, 2010, for essentially the same reasons articulated at the original sentencing hearing and by the Fourth Circuit on direct appeal. Stallard did not seek a certificate of appealability from the Fourth Circuit.

In his petition, Stallard asserts for the third time that by applying the 2007 version of the guidelines instead of the 2006 version, the trial court violated the *Ex Post Facto* Clause. [D. E. No. 1, pp. 2-8]

The Court will not reach the merits of this claim because Stallard may not assert it in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Relief under § 2241 is not available merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied

3

relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). Here, Stallard's *ex post facto* claim was considered and rejected on the merits both by the Fourth Circuit on direct appeal and by the trial court in his initial § 2255 motion. The remedy under § 2255 is neither unavailable nor ineffective merely because both of those courts rejected his claim as substantively meritless.

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Stallard's claim does not fit within this narrow exception for several reasons. First, his assertion that his sentence violates the *Ex Post Facto* Clause is a claim of constitutional error, not one of statutory interpretation. Second, Stallard does not contend that his convictions are invalid, only that his sentence is excessive. But his guidelines sentence fell well below the 20-year statutory maximum, and his claim is therefore outside the scope of that permitted by 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert

4

that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Finally, Stallard's reliance on *Peugh v. United States*, __ U.S. __, 133 S. Ct. 2072, 186 L. Ed. 2d 84 (2013) is self-evidently misplaced, as the Fourth Circuit expressly assumed that the *Ex Post Facto* Clause applied to the sentencing guidelines notwithstanding their advisory nature post-*Booker*, and concluded that his *ex post facto* claim was substantively meritless. *Stallard*, 317 F. App'x at 385 n. 6.

Accordingly, **IT IS ORDERED** that:

1. Stallard's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Entered July 8, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

5